In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 07-3611

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DONALD L. COCHRAN,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division
No. 2:06 CR 161—**Phillip P. Simon**, *Judge.*

_____

ARGUED MAY 29, 2008—DECIDED JULY 16, 2008

_____

Before FLAUM, MANION, and EVANS, *Circuit Judges*.

FLAUM, *Circuit Judge.* Defendant Donald L. Cochran was arrested as part of an on-line sex chat room sting. He was caught fondling himself in front of a webcam for who he thought to be a thirteen-year-old girl, but turned out to be an undercover officer. He was then convicted for violating 18 U.S.C. § 2422(b), which forbids adults from enticing minors to engage in "any sexual activity for which any person can be charged with a criminal offense." Cochran admits to his actions and the evidence against him, but argues that his conduct did not violate the statute under which he was charged and convicted. For the following reasons, we affirm.

## I. Background

Over the course of several weeks, beginning on July 31, 2006, Cochran had seven separate internet chats with "ashley12_km" ("Ashley"), who in fact was Detective Sergeant Carrie Costello of the Purdue University Police Department, posing online as a thirteen-year-old girl in the eighth grade. Six of these seven chats were initiated by Cochran, and ten different times during the course of these conversations, Cochran exposed and fondled his penis in front of a webcam for "Ashley" to see.

It was Cochran's idea to use a webcam during their chats, and he took various steps to help "Ashley" view the images. First, in order for "Ashley" to view his webcam, Cochran had to send her an electronic webcam invitation, which he did. Cochran then detailed for "Ashley" how to adjust her computer preferences in order to see the images and how to get around "parent control" settings designed to block webcam content. He also walked "Ashley" through the process for deleting their messages so that her "mom" would not see their archived conversations.

During their first chat on July 31, Cochran exposed himself to "Ashley". This was preceded by various forms of sexual innuendo on Cochran's part, including calling "Ashley" "sweet", stating that it was so hot that "it even hot running round naked", and that he liked to play "strip pool." Later in the chat, after exposing and fondling himself in front of the webcam, Cochran asked "Ashley" if she "liked" what she saw. After their chat, Cochran again reminded "Ashley" to clean out her archives.

Subsequent encounters between Cochran and "Ashley" were similar in nature. In these later conversations,

Cochran asked to see "Ashley" on camera, asked her if she liked what she saw, sent her various "emoticons,"[1] such as a French kiss, and continued to expose and fondle himself in front of the webcam. During some of these incidents, Cochran would also describe in detail the male organ and male orgasm.

After Cochran was arrested, he waived his Miranda rights and made a post-arrest statement. Cochran admitted to his conduct with "Ashley", and conceded that during their first conversation he was told that "Ashley" was thirteen (although according to him, he was not aware of this until after he had already exposed himself for the first time). Cochran stated that he continued exposing himself in later chats because "Ashley" indicated that she "enjoyed" it, adding that "it excites you when someone likes what you're doing or likes what you got." He attempted to justify his behavior, however, by explaining that he was acting as a "father figure" and "preparing her for . . . the real world," and likening his actions to a "teaching experience."

A grand jury indicted Cochran on September 8, 2006 for one count of violating 18 U.S.C. § 2422(b) by using the internet to entice a purported minor to engage in sexual activity that is criminal under Indiana law. The Government then filed a bill of particulars a month later specifying that the underlying Indiana laws were IND.

---

[1] An "emoticon" is "a group of keyboard characters (as :-)) that typically represents a facial expression or suggests an attitude or emotion and that is used especially in computerized communications (as e-mail)." MERRIAM-WEBSTER ONLINE DICTIONARY (2008), http://www.merriam-webster.com/dictionary/emoticon.

CODE § 35-42-4-6 for child solicitation and IND. CODE § 35-42-4-5 for vicarious sexual gratification by fondling in a minor's presence. A jury trial ensued in January 2007. During the Government's case in chief, the jury viewed excerpts from the webcam videos and listened to Cochran's post-arrest statement. At the close of the Government's case, Cochran moved for a directed verdict pursuant to FED. R. CRIM. P. 29. The district court granted this motion as it related to the Government's charge under Indiana's child solicitation statute, but allowed the vicarious sexual gratification charge to go to the jury while taking the issue under advisement. The jury then returned a guilty verdict on January 19, 2007. On September 5, 2007, the district court issued an opinion and order denying Cochran's motion for judgment of acquittal regarding the vicarious sexual gratification claim. The district court based its decision on its finding that the Government presented sufficient evidence for the jury to find that Cochran enticed "Ashley", and that what he enticed her to engage in was "sexual activity." Cochran now appeals that decision.

## II. Discussion

The sole issue raised by Cochran on appeal is the district court's denial of his motion for judgment of acquittal, which we review *de novo*. *United States v. James*, 464 F.3d 699, 705 (7th Cir. 2006). It is proper to grant such a motion only when there is insufficient evidence to support a conviction, *id.* (citing *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002)), and it is a daunting task for a defendant to prevail on such a claim. *See United States v. Graham,* 315 F.3d 777, 781 (7th Cir. 2003) ("A party challenging the sufficiency of the evidence supporting a

jury conviction faces a steep uphill battle."); *United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (there is a "nearly insurmountable hurdle" to prevailing on a challenge to the sufficiency of the evidence). In reviewing the sufficiency of the evidence, this Court views the evidence in the light most favorable to the Government, and determines whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Carter*, 410 F.3d 942, 952 (7th Cir. 2005) (quoting *United States v. Arocho*, 305 F.3d 627, 639 (7th Cir. 2002)).

Cochran was convicted under 18 U.S.C. § 2422(b),[2] which makes it criminal to: (1) use interstate commerce; (2) to knowingly persuade, induce, entice, or coerce; (3) any person under 18; (4) to engage in "any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b); *United States v. Thomas*, 410 F.3d 1235, 1245 (10th Cir. 2005) (articulating the same four elements of the crime); *United States v. Brand*, 467 F.3d 179, 201-02 (2d Cir. 2006) (same). On appeal, Cochran argues that the second element of this criminal statute was

---

[2] The full statutory text reads:

> Whoever, using the mail or any facility or means of inter-state or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitu-tion or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

not proven by the Government. While Cochran admits to his conversations and webcam use with "Ashley", he contends that these actions did not rise to the level of persuasion, inducement, enticement, or coercion. *See United States v. Tykarsky*, 446 F.3d 458, 482 (3d Cir. 2006) ("Section 2422(b) does not prohibit all communications with a minor; nor does it prohibit all communications that relate to illegal sexual activity. It only proscribes communications that actually or attempt to knowingly 'persuade,' 'induce,' 'entice' or 'coerce' a minor to engage in illicit sexual activity.").

Cochran turns to case law from our sister circuits to support his argument. He discusses two opinions at length—*United States v. Brand*, 467 F.3d 179 (2d Cir. 2006) and *United States v. Thomas*, 410 F.3d 1235 (10th Cir. 2005)—arguing that in both cases, this second element was found to be satisfied due to the existence of the following fact pattern: (1) the defendant initiated a chat room conversation with a purported minor; (2) the defendant discussed sex acts to be performed with the minor; (3) an in-person meeting was proposed by the defendant; and (4) the defendant actually traveled to the meeting place. Cochran then relies on his character-ization of those cases to claim that, because he did not ever discuss engaging in sex acts with "Ashley" and did not make any arrangements to meet with her, the Gov-ernment provided insufficient evidence for the jury to find that he enticed "Ashley".

Cochran's reliance upon these factors as setting a baseline for what is required to satisfy the second element under § 2422(b) is misplaced. It is unsurprising that courts have looked to the factors noted by Cochran to satisfy the second element under § 2422(b), particularly when the allegation

is that the defendant enticed the minor to engage in illegal, physical sexual contact. There is no reason, however, to find that these factors constitute a floor on what is required to satisfy the persuasion, inducement, enticement, or coercion element, especially when the underlying criminal sexual activity does not require a face-to-face meeting or physical contact.

In this case, the underlying criminal sexual activity for which Cochran's conviction under § 2422(b) rested was a violation of IND. CODE § 35-42-4-5(c), which makes it a Class D felony for "[a] person eighteen (18) years of age or older [to] knowingly or intentionally . . . touch[ ] or fondle[ ] the person's own body . . . in the presence of a child less than fourteen (14) years of age with the intent to arouse or satisfy the sexual desires of the child or the older person . . . ." Thus, the Government had to present sufficient evidence for the jury to find that Cochran attempted to persuade, induce, entice, and coerce "Ashley" to observe him fondling himself.[3] Cochran contends that he did not

---

[3] We note that Cochran's argument on appeal before this Court is solely focused upon whether he attempted to persuade, induce, entice, and coerce "Ashley," and does not concern whether he violated the underlying Indiana law or any of the other elements of § 2422(b). Cochran concedes in his brief that his conduct was likely in violation of IND. CODE § 35-42-4-5(c)(3). Moreover, although at oral argument, Defendant focused his attack on the fourth element of a § 2422(b) violation, claiming that the federal statute's applicability to "any sexual activity for which any person can be charged with a criminal offense" does not include the conduct prohibited by IND. CODE § 35-42-4-5(c), this argument was not raised in any of Defendant's briefs to this Court, despite the fact that the district court be-
(continued...)

entice "Ashley" to watch him, instead likening his conduct to the mere equivalent of someone touching themselves in front of an open window. Noting that other courts have emphasized that § 2422(b) criminalizes "the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself," *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004); *see also United States v. Bailey*, 228 F.3d 637, 639 (6th Cir. 2000) ("Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves."), Cochran argues that the Government's case rests on a failing, circular claim—that Cochran fondled himself in an attempt to entice "Ashley" to engage in the criminal act of fondling oneself in a minor's presence.

Cochran's argument misses the mark. The Government provided more than ample evidence to the jury which showed that Cochran attempted to persuade, induce, entice, and coerce "Ashley" to watch him fondle himself. He authorized "Ashley" to view his webcam images and helped her navigate around parent control settings, he called her "sweet," talked about "running round naked" and playing "strip pool," sent her romantic emoticons, and detailed what he was doing while fondling himself. Cochran's claim that this was no more than "the high-tech equivalent of a person walking into a room where a

---

[3] (...continued)
low had found that "th[is] issue presents a close call." *United States v. Cochran*, 510 F. Supp. 2d 470, 472 (N.D. Ind. 2007). Accordingly, because this argument was raised for the first time before this Court in oral argument, this argument is waived. *United States v. Vallery*, 437 F.3d 626, 629 (7th Cir. 2006).

minor is present, or standing in front of an open window in the view of a minor, and exposing and fondling himself," Appellant Br. at 16, is unavailing, particularly when Cochran attempted to induce "Ashley" to watch him engage in the same conduct in the future by asking her if she "liked" what she saw. The Government provided more than sufficient evidence for the jury to have found that Cochran attempted to persuade, induce, entice, and coerce "Ashley" to watch him masturbate, and accordingly, we affirm.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.