POSNER, Circuit Judge.
The defendant was charged with violating 18 U.S.C. § 2422(b), which provides that anyone who, “using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States[,] knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.” He was convicted by a jury and sentenced to the statutory minimum of 10 years in prison. The appeal requires us to construe the statutory term “sexual activity” — surprisingly an issue on which there is very little law.
The cases hold (though more often just assume) that the “criminal offense” to which the statute refers can be a state rather than a federal crime, United States v. Mannava, 565 F.3d 412, 414-15 (7th Cir.2009); United States v. Dwinells, 508 F.3d 63, 72 (1st Cir.2007); United States v. Dhingra, 371 F.3d 557, 564-65 (9th Cir.2004), although the statute does not say so, unlike the RICO statute, which does. 18 U.S.C. § 1959(a). For a federal statute to fix the sentence for a violation of a broad category of conduct criminalized by state law, such as “any sexual activity for which any person can be charged with a criminal offense,” is a questionable practice. Congress cannot know in advance what conduct the state will decide to make criminal: if Indiana made leering a crime, and “sexual activity” were defined as broadly as the U.S. Attorney asks us to define it in this case, a minor offense would subject the offender to a 10-year minimum prison sentence. No matter; the defendant does not question that “criminal offense” in section 2422(b) includes state crimes.
The government relied on two Indiana offenses to convict the defendant: “touching] or fondl[ing] the person’s own body ... in the presence of a child less than fourteen (14) years of age with the intent to arouse or satisfy the sexual desires of the child or the older person,” Ind.Code § 35-42-4-5(c)(3) (“fondling in the presence of a minor” is the name of this crime), and “knowingly or intentionally solicit[ing] a child under fourteen (14) years of age [or believed to be so] ... to engage in ... any fondling or touching intended to arouse or satisfy the sexual desires of either the child or the older person.” § 35-42-4-6(b)(3) (“child solicitation”). The defendant does not contend in this appeal that the conduct that he was accused of engaging in did not violate the Indiana statutes. He contends rather that *257 such conduct is not “sexual activity” within the meaning of the federal statute, and therefore that his conviction — which was solely for violating federal law — should be quashed.
This is more than forfeiture; it is waiver; for he emphasizes the breadth of the Indiana statutes in order to bolster his claim that they should not be deemed absorbed into the federal statute. The only issue we discuss therefore is whether he is right that the conduct of which he is accused is not “sexual activity” within the meaning of the federal law.
A police officer entered an online chat room, where she “met” the defendant and identified herself as a 13-year-old girl. (It’s because she was actually an adult that the defendant was charged with and convicted of an attempt rather than of a completed crime; section 2422(b) explicitly punishes an attempt just as severely.) After making a number of sexual comments to her that she pretended to welcome, the defendant masturbated in front of his web-cam, thus attempting to violate the “fondling in the presence of a minor” statute; and, in addition, by inviting the “girl” to masturbate, he attempted to violate the “child solicitation” statute as well. If an adult’s masturbating in front of a child in an effort to arouse the child’s sexual desires, and a child’s fondling herself in a sexually suggestive way, as by masturbating, are forms of “sexual activity” within the meaning of the federal statute, then the defendant’s violations of the two Indiana statutes violated section 2422(b) as well.
“Sexual activity” is not a defined term in the federal criminal code (Title 18). Chapter 117 of the code, which contains section 2422, doesn’t have a definition section. The next section after section 2422 states that as used in that next section “the term ‘illicit sexual conduct’ means ... a sexual act (as defined in section 2246) with a person under 18 years of age.” 18 U.S.C. § 2423(f). The relevant part of section 2246, which appears in Chapter 109A of Title 18, defines “sexual act” as “the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years.” 18 U.S.C. § 2246(2)(D). The defendant was not charged with attempting to touch the supposed girl, and of course that would be impossible in an online chat room. So if section 2422(b) criminalized a “sexual act” rather than “sexual activity,” it would be reasonably clear that he could not be convicted, unless the definition of “sexual act” elsewhere in Title 18 wére thought to cast no light on its meaning in section 2422(b). On the contrary, we have previously used definitions found in Chapter 109A (the chapter in which section 2246, defining “sexual act,” appears) to assist in interpreting provisions in other chapters of Title 18 that punish sexual crimes. United States v. Osborne, 551 F.3d 718, 720 (7th Cir.2009). Section 2422(b) is one of those provisions.
We need to decide whether “sexual activity” encompasses a broader range of acts than “sexual act.” If it did, one would expect the term to be defined in the statute, to indicate just how broad that range was. Is watching a pornographic movie, or a pole dancer, or a striptease artist, or Balthus’s erotic paintings, or Aubrey Beardsley’s pornographic sketches, or Titian’s “Rape of Europa,” or “Last Tango in Paris” a “sexual activity”? How about inducing someone to watch one of these shows? Wikipedia defines “sexual activity” very broadly; the Wikipedia entry for “Human Sexual Activity” says that “sexual activity ... includes conduct and activities which are intended to arouse the sexual interest of another, such as strategies to find or attract partners (mating and dis *258 play behavior), and personal interactions between individuals, such as flirting and foreplay.” “Human Sexual Activity,” http://en.wikipedia.org/wiki/Human_ sexuaLactivity (visited April 1, 2011). Does the government think that the term “sexual activity” in 18 U.S.C. § 2242(b) includes flirting? Well, how about “flashing”? That is “sexual activity” in the literal sense, though it does not involve physical contact and so is not a “sexual act.” It is generally considered a rather minor sex crime, certainly not the sort of crime for which a minimum of 10 years in prison is a proper sentence. In Indiana, for example, “a person at least eighteen (18) years of age who knowingly or intentionally, in a public place, appears in a state of nudity with the intent to be seen by a child less than sixteen (16) years of age commits public indecency, a Class A misdemeanor.” Ind.Code § 35-45-4-l(b). And the maximum prison sentence for a Class A misdemeanor is only one year. § 35-50-3-2. Yet if the government’s broad conception of “sexual activity” were accepted, then by virtue of that misdemeanor law a flasher in the lobby of the federal courthouse in South Bend, if charged under 18 U.S.C. § 2422(b), would be courting a prison sentence of at least 10 years.
One possible inference from the absence of a statutory definition of “sexual activity” is that the members of Congress (those who thought about the matter, at any rate) considered the terms “sexual act” and “sexual activity” interchangeable. This inference is reinforced by the fact that until 1998 section 2422(b) used the term “sexual act,” while the preceding subsection, 2422(a), used “sexual activity,” even though the two subsections were otherwise very similar, except that (a) concerns transporting minors across state lines rather than interstate solicitation and specifies a considerably lighter punishment (no minimum and a maximum of 20 years, versus a 10-year minimum and a maximum of life in (b)). In 1998, “sexual act” in (b) was changed to “sexual activity,” but the committee report uses the terms “sexual activity” and “sexual act” interchangeably, indicating that the terms have the same meaning — that the purpose of the wording change from “sexual act” to “sexual activity” was merely to achieve semantic uniformity of substantively identical prohibitions, rather than to broaden the offense in (b). H.R.Rep. No. 105-557, at 10, 20 (1998), reprinted in 1998 U.S.C.C.A.N. 678, 679, 688. The implication that Congress regards “sexual activity” as a synonym for “sexual act” is further supported by the fact that the statute brackets “sexual activity” with “prostitution,” which involves physical contact. We find nothing in the 1998 amendment or its discussion by members of Congress to suggest a legislative purpose of subjecting less serious sexual misconduct (misconduct involving no physical contact) to the draconian penalties in subsection (b).
Elsewhere in the vast body of federal statutory law we find scattered references to “sexual conduct,” “sexual act,” and “sexual activity” or “sexual activities,” but the terms seem to be regarded as synonymous, as in 42 U.S.C. § 608(a)(7)(C)(iii)(IV), which defines “battered or subjected to extreme cruelty” to include “being forced as the caretaker relative of a dependent child to engage in nonconsensual sexual acts or activities.” It would be unrealistic to suppose that Congress never uses synonyms — that every word or phrase in a statute has a unique meaning, shared by no other word or phrase elsewhere in the vast federal code.
One might think that “sexual activity” connoted a series of acts rather than a single act: for example, being a sexual predator rather than committing a single *259 act of sexual predation, or being a prostitute. But that is not argued (it would make the express reference to prostitution in the statute redundant, though many statutes are littered with redundancies), and anyway there is a separate provision for enhanced punishment of sex-crime recidivists. 18 U.S.C. § 2426.
The government argues that as a matter of ordinary usage, “sexual activity” includes masturbation. True — but so does “sexual act.” Yet Congress as we know defined “sexual act” as excluding sex acts that do not involve physical contact between two people. If “sexual activity” is no broader than “sexual act,” it doesn’t include solitary sex acts either. Congress elsewhere has defined “sexually explicit conduct” to include masturbation, but that’s in a statute (18 U.S.C. § 2256(2)(A)) that criminalizes films and videos of children masturbating. (Maybe the defendant in this case could have been charged with attempting to produce child pornography because he asked the supposed minor to masturbate for him on her webcam. See 18 U.S.C. § 2252(a)(1), (b)(1). She said she had no webcam.)
The government acknowledges that “sexual activity for which a person can be charged with a criminal offense” is explicitly defined to include producing child pornography. 18 U.S.C. § 2427. Explicitly defining sexual activity to include producing child pornography was needed only if the term “sexual activity” requires contact, since the creation of pornography doesn’t involve contact between the pornographer and another person; this is further evidence that “sexual activity” as used in the federal criminal code does require contact.
Last the government cites cases in which courts have referred to masturbation as a form of sexual activity. In none was the question that this appeal presents raised. In one the court treated “sexual activity” as a synonym for “sexual acts.” United States v. Lee, 502 F.3d 447, 448 (6th Cir.2007). In two others, United States v. Root, 296 F.3d 1222, 1235-36 (11th Cir.2002), and United States v. Tello, 600 F.3d 1161, 1163 (9th Cir.2010), the defendant intended to have sexual intercourse with the (supposed) girl that he met in the chat room, and he actually traveled to meet her. United States v. Holt, 510 F.3d 1007, 1009 (9th Cir.2007), a case not cited by the government, is similar to Root and Tello: the defendant traveled in order to meet and have sex with the supposed minor. The unreported decision in United States v. Wales, 127 Fed.Appx. 424 (10th Cir.2005), involved facts similar to those of this case, but again masturbation was merely assumed to be sexual activity within the meaning of section 2422(b). In our case of United States v. Cochran, 534 F.3d 631, 634 n. 3 (7th Cir.2008) — another case factually similar to the present one — the question of the meaning of the term “sexual activity” in section 2422(b) was neither raised by the appellant nor answered by the court. Finally, United States v. Womack, 509 F.2d 368, 372 n. 4 (D.C.Cir.1972), was a pornography case; it had nothing to do with section 2422(b), and merely illustrates (as do the other cases cited by the government) that masturbation is a form of “sexual activity” in the ordinary-language sense of the term, which judges use on occasion just as laypersons do. Masturbation is also a “sexual act” in that sense, but not in the statutory sense.
To repeat our basic point: if “sexual activity” and “sexual act” are synonymous in Title 18, as they appear to be, then “sexual activity” requires contact because “sexual act,” we know, does. We cannot be certain that they are synonyms. Maybe our interpretation of section 2422(b) is no more plausible than the government’s. But when there are two equal *260 ly plausible interpretations of a criminal statute, the defendant is entitled to the benefit of the more lenient one. “[T]he tie must go to the defendant.” United States v. Santos, 553 U.S. 507, 514, 128 S.Ct. 2020, 170 L.Ed.2d 912 (2008); see also Bell v. United States, 349 U.S. 81, 83-84, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (Frankfurter, J.). “This venerable rule [the ‘rule of lenity,’ as it is called] not only vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed. It also places the weight of inertia upon the party that can best induce Congress to speak more clearly and keeps courts from making criminal law in Congress’s stead.” United States v. Santos, supra, 553 U.S. at 514, 128 S.Ct. 2020.
Congress will have to define “sexual activity” more broadly than “sexual act” if it wants to bring the kind of behavior engaged in by the defendant in this ease within the prohibition of section 2422(b) via the fondling and child-solicitation offenses found in the Indiana criminal code, when the defendant neither made nor, so far as appears, attempted or intended physical contact with the victim. In the meantime, however, assuming the defendant’s conception of the breadth of the Indiana statutes is correct, our interpretation of the federal statute will not allow the likes of the defendant to elude just punishment. For his more serious Indiana offense (child solicitation involving use of the Internet, which Indiana law treats as an aggravating circumstance), he could be sentenced to eight years in prison by an Indiana court. See Ind.Code §§ 35-42-4-6(b)(3), 35-50-2-6(a).
The judgment is reversed with instructions to enter a judgment of acquittal.
Reversed and Remanded.