[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11378

_____

D.C. Docket No. 1:18-cr-20839-DLG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GABRIEL DOMINGUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 13, 2021)

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

JORDAN, Circuit Judge:

For certain sexual offenses involving a minor, U.S.S.G. § 2G2.2(b)(5) calls

for a five-level enhancement if the defendant "engaged in a pattern of activity

involving the sexual abuse or exploitation of a minor." The term "sexual abuse or exploitation" means, in part, "conduct described" in certain federal criminal statutes, including 18 U.S.C. § 2422. *See* § 2G2.2, cmt. n.1. For our purposes in this appeal, the relevant language in § 2422(b) is "sexual activity for which any person can be charged with a criminal offense," and the question we must decide is whether the term "sexual activity" requires interpersonal physical contact.

The two appellate courts that have addressed this question, the Fourth and the Seventh Circuits, have come to different conclusions. *Compare United States v. Fugit*, 703 F.3d 248, 255 (4th Cir. 2012) (no interpersonal contact required), with *United States v. Taylor*, 640 F.3d 255, 258-59 (7th Cir 2011) (interpersonal contact required). Exercising plenary review as to this statutory question, *see, e.g., United States v. Williams*, 790 F.3d 1240, 1244 (11th Cir. 2015), we side with the Fourth Circuit and hold that "sexual activity" under § 2422(b) does not require actual or attempted physical contact between two persons. As a result, neither does "sexual abuse or exploitation" under § 2G2.2(b)(5) of the Sentencing Guidelines.

# I

Gabriel Dominguez pled guilty to distribution and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) & 2252(a)(4)(B). At sentencing, the district court applied a five-level enhancement pursuant to U.S.S.G.

2

§ 2G2.2(b)(5) based on a series of sexually explicit Instagram direct messages from Mr. Dominguez to a minor, including a request from him to the minor for naked pictures. The district court sentenced Mr. Dominguez to 240 months of incarceration, which constituted a downward variance from the advisory range of 360 months to life imprisonment under the Sentencing Guidelines. On appeal, Mr. Dominguez argues that the district court erred in applying the § 2G2.2(b)(5) enhancement.

## II

A nine-year-old girl told investigators that Mr. Dominguez had sent her a photo of his penis over the internet. The internet chats between the girl and Mr. Dominguez on Instagram established his knowledge that the girl was nine. Nevertheless, he exchanged messages with her, including the photo of his penis. He asked the girl what she would do with his penis, told her several times that she sexually aroused him, and repeatedly asked her for naked pictures.

The government maintained that Mr. Dominguez's communications with the nine-year-old girl violated 18 U.S.C. § 2422(b). In the government's view, this was Mr. Dominguez's second instance of the sexual abuse or exploitation of a minor and constituted a "pattern" under U.S.S.G. § 2G2.2(b)(5). Mr. Dominguez objected, arguing that the enhancement did not apply. He maintained that his conduct with

3

the girl did not violate § 2422(b) because the term "sexual activity" requires actual or attempted interpersonal physical contact, and he never sought the girl's assent to such contact. In response, the government countered that "sexual activity" does not require such actual or attempted physical contact. As noted, the district court applied the enhancement.

## III

Under U.S.S.G. § 2G2.2(b)(5), the offense level of a defendant like Mr. Dominguez is increased by five levels if he "engaged in a pattern of activity involving the sexual abuse or exploitation of a minor." A "pattern" means two or more instances of the sexual abuse or exploitation of a minor. *See* § 2G2.2(b)(5), cmt. n.1. Because Mr. Dominguez has a prior conviction for similar misconduct, the critical question is whether his Instagram communications with the nine-year-old girl constituted "sexual activity" under § 2422(b), and therefore a second instance of the "sexual abuse or exploitation of a minor" under § 2G2.2(b)(5).

## A

The phrase "sexual abuse or exploitation" in § 2G2.2(b)(5) means conduct described in certain federal criminal statutes, including 18 U.S.C. § 2422. *See* § 2G2.2, cmt. n.1. As relevant here, § 2422(b) prohibits persuading, inducing, enticing,

4

or coercing a minor to engage in prostitution or any "sexual activity for which any person can be charged with a criminal offense," or attempting to do so. The disputed term is "sexual activity," which is not defined in § 2422(b).

We start with the text and its ordinary public meaning at the time of enactment. *See Bostock v. Clayton County*, 140 S. Ct. 1731, 1738 (2020). Congress added the term "sexual activity" to § 2422(b) in 1998. *See* Protection of Children from Sexual Predators Act of 1998, Pub. L. No. 105-314, § 102, 112 Stat. 2934. We can look to dictionaries and other materials from around that time in an attempt to determine the ordinary public meaning. *See EEOC v. Catastrophe Management Solutions*, 852 F.3d 1018, 1026-27 (11th Cir. 2016).

We have not located any dictionary (or other) definitions of "sexual activity" in the late 1990s and early 2000s, and the parties have not pointed us to any. Lacking a precise definition for "sexual activity" around the time of § 2422(b)'s amendment, we turn to the meanings of "sexual" and "activity."[1]

---

[1] One leading legal dictionary in 1999 contained an entry for the term "sexual activity," but instead of providing a definition it referred the reader to the term "sexual relations" with a "see" signal, and then defined the latter as "[s]exual intercourse" or "[p]hysical sexual activity that does not necessarily culminate in intercourse." Black's Law Dictionary 1379 (7th ed. 1999). It added that "sexual relations usu[ally] include the touching of another's breast, vagina, penis, or anus," and explained that "sexual relations" was "[a]lso termed sexual activity." *Id.*

Black's Law Dictionary is an authoritative source, but we do not put too much stock in this particular entry because "sexual relations" is not synonymous with "sexual activity." The latter is broader than the former; while "sexual relations" suggests the involvement of another person, and

5

When § 2422(b) was amended, the term "sexual" did not just refer to the act of physical intercourse with another. It also covered other types of behavior associated with sex. *See* Webster's Third New International Dictionary 2082 (2002) (defining "sexual" in part as "of or relating to the sphere of behavior associated with libidinal gratification"); 2 Shorter Oxford English Dictionary 2780 (5th ed. 2002) (defining "sexual" as both "pertaining to or involving physical intercourse, as in reproduction," and "deriving from or relating to desire for sex or for carnal pleasure"); The American Heritage Steadman's Medical Dictionary 757 (1995) (defining "sexual" in part as "[i]mplying or symbolizing erotic desires or activity").[2]

For its part, "activity"—as relevant here—was not limited in the late 1990s or early 2000s to the interpersonal physical realm. It was instead defined as both

ensuing interpersonal physical contact of some sort, "sexual activity" does not. *See Taylor*, 640 F.3d at 260 (Manion, J., concurring) ("Sexual activity is a broader term that includes things sexual that do not involve the actual physical encounter."). *Cf.* 27 The New Encyclopedia Britannica 240 (15th ed. 2005) ("Human sexual behavior may be defined as any activity—solitary, between two persons, or in a group—that induces sexual arousal."); II Bouvier Law Dictionary 2595 (Desk ed. 2012) ("Sexual conduct is a broader category than sexual act. Sexual conduct includes speech, written communication, public displays, bodily movement, double entendre, and other acts that would communicate . . . to an observer a personal interest by the actor in the sexual nature of the actor, the observer, or of other persons.").

[2] Those definitions have not changed much over time. *Compare* The American Heritage Dictionary of the English Language 1596 (4th ed. 2009) (defining "sexual," in part, as "[i]mplying or symbolizing erotic desires or activity"); Bryan Garner, Garner's Modern American Usage 739 (3d ed. 2009) (explaining that the word "sexual" is "becoming rare in contexts not involving intercourse or the desire to engage in it").

.

"energetic action" and "any specific action or pursuit [recreational *activities*]." Webster's New World College Dictionary 14 (4th ed. 2004). *See also* 1 Shorter Oxford English Dictionary 23 (5th ed. 2002) (defining "activity" in part as a "[b]risk or vigorous action" or "a pursuit"); Black's Law Dictionary 33 (6th ed. 1990) (defining "activity" as "[a]n occupation or pursuit in which [a] person is active").[3]

When we combine these understandings of "sexual" and "activity," we conclude that the ordinary public meaning of "sexual activity" around 1998 was an action or pursuit relating to intercourse *or* to the desire for sex or carnal pleasure. Because the latter formulation does not require physical touching between two persons, we agree with the Fourth Circuit that "sexual activity," within the meaning of § 2422(b), "need not involve interpersonal physical contact." *Fugit*, 703 F.3d at 255.

Our holding is supported, in part, by a textual clue that Congress has provided. Congress has said that "sexual activity" in Chapter 117 of Title 18 of the U.S. Code—where § 2422(b) is located—"includes the production of child pornography[.]" 18 U.S.C. § 2427. Such production can be accomplished without interpersonal physical contact between the offender and the victim, as certain images of a minor doing things to himself or herself can constitute child pornography. *See,*

---

[3] There is no entry for "activity" in the 1999 edition of Black's Law Dictionary.

*e.g., United States v. Johnson*, 784 F.3d 1070, 1071-73 (7th Cir. 2015).  And if the production of child pornography constitutes "sexual activity" within the meaning of § 2422(b), it would seem logical that so too can other conduct not involving interpersonal physical contact.   After all, § 2427 uses the word "includes," and that is not a term of exclusion.  *See Fed. Land Bank of St. Paul v. Bismark Lumber Co.*, 314 U.S. 95, 100 (1941) ("the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle"); *Young v. Grand Canyon Univ.*, 980 F.3d 814, 819 (11th Cir. 2020) ("the term 'including' introduces a participial phrase of inclusion, not one of exclusion").

**B**

The Seventh Circuit has come to a different conclusion.  Applying the rule of lenity, it held in *Taylor*, 640 F.3d at 258-59, that "sexual activity" in § 2422(b) requires actual or attempted interpersonal physical contact.  The *Taylor* opinion contains some pertinent observations, but like the Fourth Circuit, we choose not to follow it.  *See Fugit*, 703 F.3d at 255-56.

First, the Seventh Circuit acknowledged that, as a textual matter, the term "sexual activity" includes individual conduct such as masturbation.  *See Taylor*, 640 F.3d at 259.  Because, as discussed above, "sexual activity" encompasses activities beyond those involving interpersonal physical contact, we do not consider the term to be ambiguous.  *See Fugit*, 703 F.3d at 255.

Second, the Seventh Circuit looked to the meaning of "sexual act" in 18 U.S.C. § 2246(2)(D), a definitional provision which requires the intentional touching of a minor's genitals. *See Taylor*, 640 F.3d at 257. That provision, however, applies to statutes in Chapter 109A of Title 18, and § 2422(b) is located in Chapter 117. Given that "sexual activity" and "sexual act" are not necessarily synonymous, *see Taylor*, 640 F.3d at 259-260, we do not think it is appropriate to borrow the definition of "sexual act" from § 2246(2)(D). *See Fugit*, 703 F.3d at 256. *See also* II Bouvier Law Dictionary at 2595 ("Sexual conduct is a broader category than sexual act.").

Third, the concern motivating the Seventh Circuit was that not reading "sexual activity" to require interpersonal physical contact could result in the criminalization of (and a mandatory minimum 10-year prison sentence for) flirting, flashing, or watching a pornographic movie, a pole dancer, a striptease artist, or an erotic painting. *See Taylor*, 640 F.3d at 257-58. But "sexual activity" in § 2422(b) is not a stand-alone term; the full phrase is "sexual activity for which any person can be charged with a criminal offense." And so it would seem, as "a general matter, [that] conduct that is innocuous, ambiguous, or merely flirtatious is not criminal and . . . not subject to prosecution under § 2422(b)." *Fugit*, 703 F.3d at 255. In other words,

the term "sexual activity" is limited by the requirement that the conduct in question also be criminally proscribed.[4]

## C

Mr. Dominguez sent the nine-year-old girl a photo of his penis and asked her for naked pictures. Given the context of the statements he made to her during the Instagram chat sessions, it is clear to us that he did so for his own sexual gratification. We therefore have little difficulty in upholding the district court's determination that his conduct constituted "sexual activity" within the meaning of § 2422(b).

We cannot, however, affirm the district court's application of the five-level enhancement under § 2G2.2(b)(5). As explained earlier, the operative language of § 2422(b)—which is one of the statutes incorporated by the commentary to § 2G2.2(b)(5)—is "sexual activity for which any person can be charged with a criminal offense." At sentencing, Mr. Dominguez argued that asking the nine-year-old girl to send him naked pictures did not violate the law. *See* D.E. 53 at 23. The district court overruled his objection, stating that § 2422(b) "criminalizes an intentional attempt to achieve a mental state. … And … that's precisely what the defendant was attempting to do." *Id.* at 24. The district court's explanation, although generally correct, was incomplete. The district court was required,

---

[4] That said, we acknowledge the possibility that some persons might be subjected to a mandatory minimum 10-year prison sentence under § 2422(b) even if the "sexual activity" they engaged in constituted only a misdemeanor under state or federal law.

pursuant to the language in § 2422(b), to also determine whether Mr. Dominguez's "sexual activity" with respect to the nine-year-old girl was conduct "for which any person can be charged with a criminal offense." We therefore vacate Mr. Dominguez's sentence and remand so that the district court can address this requirement.[5]

## IV

The term "sexual activity" in § 2422(b) does not require interpersonal physical contact. Mr. Dominguez's conduct with respect to the nine-year old girl—including sending her a photo of his penis and asking her for naked pictures—constituted "sexual activity" because it was done for the purpose of sexual gratification, and we affirm the district court's ruling in this respect. But we vacate the application of the five-level enhancement under § 2G2.2(b)(5) and set aside Mr. Dominguez's sentence because the district court did not determine, as required by § 2422(b), whether the "sexual activity" was conduct "for which any person can be charged

---

[5] We leave for the district court on remand Mr. Dominguez's related argument that the government never showed that he took a substantial step towards completing any § 2422(b) offense. *See United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010) ("[T]he government must prove that the defendant took a substantial step toward causing assent, not toward causing actual sexual contact.").

with a criminal offense."  On remand the district court is to rule on that issue after hearing from the parties, and after doing so shall resentence Mr. Dominguez.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**