# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2025

Lyle W. Cayce
Clerk

No. 24-40703

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE JIMENEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CR-9-1

Before JONES, STEWART, and RAMIREZ, *Circuit Judges*.
CARL E. STEWART, *Circuit Judge*:

This case arises from a stipulated bench trial and the subsequent conviction of George Jimenez. Jimenez sent sexually explicit material to his girlfriend's minor daughter ("MV-1"). His girlfriend, Maria Yracheta, then sent both Jimenez's and her daughter's phones to FBI Special Agent Laura Brunstetter for inspection. After receiving a search warrant, Agent Brunstetter discovered that Jimenez was texting MV-1 and other minors, requesting sexually explicit images, falsely representing himself as a minor, and sharing sexually explicit pictures of his body. During the trial, the district court denied Jimenez's motion for a judgment of acquittal. The district court

then found Jimenez guilty of coercing and enticing a minor to engage in sexual activity under 18 U.S.C. § 2422(b) ("Count One"). On appeal, Jimenez challenges his conviction, arguing that 18 U.S.C. § 2422(b) only covers physical conduct. He also argues that there was insufficient evidence to prove that he attempted to coerce MV-1 to engage in the lascivious exhibition of her pubic area under 18 U.S.C. § 2256. Because 18 U.S.C. § 2422(b) includes nonphysical conduct, and the evidence sufficiently supports that Jimenez attempted to coerce MV-1 to engage in the lascivious exhibition of her genitals or pubic area under 18 U.S.C. § 2256, we AFFIRM.

# I

Beginning on March 6, 2019, Jimenez pretended to be a thirteen-year-old boy named "Jamie Martinez" on at least two texting applications. Over six weeks, he messaged several minors, sent nude images of himself, and engaged in graphic sexual conversations. On April 3, 2019, after MV-1 mentioned shaving her pubic area to Jimenez over text, Jimenez responded: "I have to see that . . . Babe plz. Just the top half." He then requested pictures of her breasts and a "shaved pic" two more times. Around April 22, 2019, Yracheta filed a complaint with the Texas City FBI when she suspected that Jimenez was sending sexually explicit material to MV-1 and other minors. Agent Brunstetter reviewed MV-1's phone and, upon receipt of a search warrant on April 30, 2019, Jimenez's phone as well.

On June 5, 2019, a grand jury indicted Jimenez on two counts of coercing and enticing a minor to engage in sexual activity under 18 U.S.C. § 2422(b), and five counts of transferring obscene material to a minor under 18 U.S.C. § 1470. On October 31, 2019, the Children's Advocacy Center interviewed MV-1, and she informed them that Jimenez frequently requested explicit photographs of her private parts.

No. 24-40703

On April 3, 2024, the court conducted a one-day bench trial for Count One only.[1] Jimenez moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. Fed. R. Civ. P. 29. He argued that the evidence was factually insufficient to prove that the pictures he requested from MV-1 amounted to a "lascivious display."[2] The court denied his motion. At the end of trial, the district court convicted Jimenez of Count One pursuant to 18 U.S.C. §§ 2422(b), 2251, and 2256(2). The court sentenced Jimenez in an upward variance to a term of 240 months of imprisonment and 10 years of supervised release. Jimenez timely filed a notice of appeal.

## II

The district court had jurisdiction over this criminal case under 18 U.S.C. § 3231. As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291.

To make a sufficiency-of-the-evidence objection, "a defendant must specify at trial the particular basis on which acquittal is sought so that the Government and district court are provided notice." *United States v. McDowell*, 498 F.3d 308, 312 (5th Cir. 2007). When the specific sufficiency-of-the-evidence objection is preserved, this court reviews a judgment denying a motion for acquittal de novo, "but 'with substantial deference to the jury verdict.'" *United States v. Lamartiniere*, 100 F.4th 625, 651 (5th Cir. 2024) (quoting *United States v. Delgado*, 672 F.3d 320, 330–31 (5th Cir. 2012) (en

---

[1] Before the trial began, both parties filed stipulated facts. Jimenez also agreed to plead guilty to Counts Three and Four for transferring obscene material to MV-1 and another minor after the Government agreed to drop the additional counts. Only Count One remained.

[2] During trial, Jimenez also claimed that the Government failed to prove that he took a "substantial step" toward seeking to coerce MV-1 to sending lascivious images of her pubic area, but he did not raise that issue on appeal.

banc)), *cert. denied*, 145 S. Ct. 1069 (2025). "Under this standard, we will uphold a jury's verdict as long as 'a reasonable trier of fact could conclude [that] the elements of the offense were established beyond a reasonable doubt.'" *Id.* (alteration in original) (citation omitted). The court views "the evidence in the light most favorable to the verdict and draw[s] all reasonable inferences from the evidence to support the verdict." *Id.* (quoting *United States v. Jimenez-Elvirez*, 862 F.3d 527, 533 (5th Cir. 2017) (citation omitted)).

Alternatively, we review unpreserved sufficiency-of-the-evidence claims for plain error. *Id.* at 652 (citing *United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018)). "Under plain-error review, the defendant 'must show a clear or obvious legal error that affects his substantial rights and seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (internal quotation omitted) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). For this court to grant relief, "the Government's evidence [must be] obviously insufficient and the defendant [must] show[] a manifest miscarriage of justice." *Id.* (citing *Suarez*, 879 F.3d at 631). The court "assess[es] whether 'the record is devoid of evidence pointing to guilt,' or 'the evidence on a key element of the offense is so tenuous that a conviction would be shocking.'" *United States v. Rao*, 123 F.4th 270, 276 (5th Cir. 2024) (alteration in original) (quoting *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013)).

Jimenez argues that, by moving for a judgment of acquittal, he preserved all sufficiency issues for de novo review.

The Government disagrees, arguing that Jimenez did not assert that section 2422(b) included only interpersonal contact in the district court, and he only did so on appeal. It argues that, "where the defendant asserts specific grounds for a specific element of a specific count in his motion for judgment

of acquittal . . . , the defendant fails to preserve any other grounds." *Rao*, 123 F.4th at 276 (quoting *United States v. Daniels*, 930 F.3d 393, 402 (5th Cir. 2019)).

The Government has the better argument. While Jimenez questioned Agent Brunstetter during the trial on not engaging in physical contact, he did not preserve the issue of whether "sexual activity" includes interpersonal physical contact in his motion for acquittal, or otherwise in the record. Thus, the issue warrants plain-error review.

## III

## A

Section 2422(b) prohibits

> using the mail or any facility or means of interstate or foreign commerce . . . [to] knowingly persuade[], induce[], entice[], or coerce[] any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempt[ing] to do so.

18 U.S.C. § 2422(b).

In turn, section 2251(a) provides the relevant criminal offense under 2422(b):

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e).

*Id.* § 2251(a).

Additionally, section 2246 defines "sexual act" as a physical interaction involving:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

*Id.* § 2246(2). It also defines "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desires of any person." *Id.* § 2246(3).

Further, section 2427 describes "sexually explicit conduct" to include "the production of child pornography, as defined in section 2256(8)." *Id.* § 2427. It *explicitly* "does not require interpersonal physical contact." *Id.* Section 2256(8) also defines "child pornography" as

> *any* visual depiction . . . , whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where—
>
> (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct;

No. 24-40703

(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaging in sexually explicit conduct; or

(C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

*Id.* § 2256(8) (emphasis added).

This court generally views 18 U.S.C. § 2422(b) to be constitutional, surviving claims of overbreadth and ambiguity. *United States v. Howard*, 766 F.3d 414, 426 n.11, 429 (5th Cir. 2014).

**B**

Jimenez argues that the Government's evidence did not support that "[he] attempted to persuade [MV-1] to engage in 'sexual activity'" within the meaning of 18 U.S.C. § 2422. Specifically, he argues that "sexual activity" is an ambiguous term that the court should review in favor of the defendant.[3] He relies on the 1998 amendment of section 2422(b) to say that "sexual activity" requires interpersonal contact.[4] He is incorrect. It is true

---

[3] Jimenez also uses a statutory interpretation tool called "corpus linguistics" to support a narrower definition of "sexual activity." Corpus linguistics is "the study of language (linguistics) through systematic analysis of data derived from large databases of naturally occurring language (corpora, the plural of corpus, a body of language)." *United States v. Rice*, 36 F.4th 578, 583 n.6 (4th Cir. 2022)). We do not address the merits of the statutory tool. Rather, we agree with the Government's assertion that it is not required here because the statute provides an adequate definition of "sexual activity" that includes nonphysical contact.

[4] Jimenez references *United States v. Taylor*, a Seventh Circuit case decided in 2011, to argue that 18 U.S.C. § 2422 only covers physical contact. 640 F.3d 255, 257–60 (7th Cir. 2011). Relying on the statute's 1998 amendment, the court said that Congress did not define "sexual activity" anywhere in the statute. *Id.* However, as this opinion explains, Congress amended the Act in 2023 to include nonphysical contact. 18 U.S.C. § 2422(b) (2023). Therefore, Jimenez's reference to *Taylor* is unpersuasive.

that "[t]he rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *Howard*, 766 F.3d at 426 n.11 (quoting *United States v. Santos*, 553 U.S. 507, 514 (2008) (Scalia, J., plurality opinion)). However, if there is a common meaning located in other criminal codes and other definitions, then the rule of lenity does not apply. *Id.* Such is the case here.

Section 2427, as the Government correctly contends, partially defines "sexual activity" to include nonphysical acts. 18 U.S.C. § 2427. It appears in the same chapter as section 2422(b), and it explicitly includes nonpersonal contact, which Jimenez recognizes. 18 U.S.C. §§ 2427, 2422(b). Moreover, section 2256(8) defines child pornography as "the production of [a] visual depiction involv[ing] the use of a minor engaging in sexually explicit conduct." *Id.* § 2256(8)(A). This production does not necessarily require physical contact between persons. Black's Law Dictionary notes that pornography is generally difficult to define, but it states that pornography can be a picture, or mere words, that "arouse sexual excitement." *Pornography*, *Black's Law Dictionary* (12th ed. 2024).

The construction of the phrase "any sexual activity" also warrants a broad interpretation because of the word "any." *See* 18 U.S.C. §§ 2422(b), 2251. Although Jimenez is correct that the Supreme Court interprets phrases differently from individual words, *FCC v. AT&T Inc.*, 562 U.S. 397, 406 (2011), the Government accurately points out that the Supreme Court interprets the word "any" to be expansive. *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 219 (2008). Therefore, Jimenez's argument that the statutory construction suggests a narrow interpretation is unpersuasive.

The purpose of section 2422(b) also supports interpreting "sexual activity" broadly. In *United States v. Hite*, to understand Congress's intent when enacting section 2422(b), the D.C. Circuit examined the following

No. 24-40703

language in the House Conference Report of the Telecommunications Act of 1996, which included section 2422(b): "[T]he Senate Judiciary Committee held a hearing on online indecency, obscenity, and child endangerment . . . [and] this hearing supports the need for Congress to take effective action to protect children and families from online harm."[5] 769 F.3d 1154, 1163 (D.C. Cir. 2014) (citing H.R. Rep. No. 104-458, at 193 (1995) (Conf. Rep.)). Thus, Jimenez's assertion that Congress only intended to cover physical acts is also unconvincing.

Lastly, case law supports interpreting "sexual activity" to include nonphysical acts. In *United States v. Howard*, we recognized that section 2422(b) "does not require that the sexual contact occur, but that the defendant sought to persuade the minor to engage in that contact."[6] 766 F.3d at 420. There, the defendant sought to reverse his criminal conviction under section 2422(b) by arguing, *inter alia*, that the Government did not provide sufficient evidence to show that he took a "substantial step" to coerce a minor to engage in sexual activity. *Id.* at 419. While the central question there was whether the defendant engaged in a "substantial step," and not the

---

[5] Jimenez urges us to ignore the most recent amendment to section 2422(b), which explicitly includes nonphysical conduct. He believes that the amendment in 1998 most closely resembles the contemporary meaning of "sexual activity" at the time Congress enacted the statute. This is unpersuasive. As the Government correctly notes, and the Supreme Court recognizes, amendments should carry a "real and substantial effect." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 189 (2020). Moreover, even if this court only used the definition of "sexual activity" from the 1990s, as Jimenez asks, the House Conference Report of the Telecommunications Act of 1996 explicitly indicates Congress's desire to address online harm during that time.

[6] As the Government points out, other circuits have held that child pornography can be produced "without interpersonal physical contact between the offender and the victim." *United States v. Dominguez*, 997 F.3d 1121, 1125 (11th Cir. 2021); *see also United States v. Jakits*, 129 F.4th 314, 327 (6th Cir. 2025); *United States v. Fugit*, 703 F.3d 248, 255 (4th Cir. 2012).

proper interpretation of "sexual activity," we still held that sending sexually explicit images and videos is probative evidence of intent to entice a minor to engage in sexual acts. *Id.* at 425. Here, Jimenez not only sent sexual images of himself, but he also explicitly requested sexual material from MV–1.

In sum, because the term "sexual activity" covers nonphysical contact, we hold that the Government met its burden to prove that Jimenez attempted to persuade MV-1 to engage in "sexual activity" under section 2422(b). 18 U.S.C. § 2422(b).

## IV

### A

When determining whether there is sufficient evidence to show that an image of the genitals is considered a lascivious exhibition, "[w]e apply 'the clear error standard.'"[7] *United States v. Wilkerson*, 124 F.4th 361, 369 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2770 (2025); *see also United States v. Steen*, 634 F.3d 822, 825–26 (5th Cir. 2011).

### B

As stated previously, section 2422(b) criminalizes the attempt to coerce a minor into exhibiting lascivious conduct. 18 U.S.C. § 2422(b). Section 2256 specifically prohibits the "actual or simulated . . . lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). A "lascivious exhibition" is "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Rider*, 94 F.4th 445, 450 (5th Cir. 2024) (quoting *Steen*, 634

_____

[7] This standard specifically applies to determine whether content qualifies as "lascivious."

F.3d at 828). Child pornography is considered a "lascivious exhibition." 18 U.S.C. § 2256(8).

This Circuit has applied the factors set forth in *United States v. Dost*, 636 F. Supp 828, 832 (S.D. Cal. 1986), when determining whether a depiction is considered a "lascivious exhibition." *See Wilkerson*, 124 F.4th at 366 (applying the *Dost* factors). While the factors are not exhaustive, the six factors are:

> (1) whether the focal point of the visual depiction is on the child's genitalia or pubic area; (2) whether the setting of the visual depiction is sexually suggestive—that is, in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; and (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Wilkerson*, 124 F.4th at 366 (citing *United States v. Grimes*, 244 F.3d 375, 380 (5th Cir. 2001)). "[N]o single factor is dispositive." *Id.* at 367.

## C

Jimenez maintains that he did not request MV-1 to send photos of specific areas, rather he only communicated his desires. However, the record shows that he made several requests, which were explicit, repeated, and urging. Jimenez also asserts that the photographs he requested were not objectively "lascivious" in nature, but we likewise find this argument unpersuasive.

Applying the *Dost* factors, there is substantial evidence to support that the overall content that Jimenez requested is considered lascivious in nature. Applying the first *Dost* factor, the focal point that Jimenez repeatedly

requested was of MV-1's pubic area. Second, applying the fourth factor, while he did not request a specific pose, he specified that he wanted nude pictures of her pubic area and breasts. The fact that he did not receive the image is irrelevant. Lastly, applying the sixth and "the most difficult" factor, *Steen*, 634 F.3d at 827–28, Jimenez admits that he wanted to view the pictures "for his own sexual purposes." He communicated his arousal and readily noted his excitement at the lewd photos that he hoped to receive. Because the nude photos that Jimenez requested were meant to elicit a personal sexual response, his requests also amount to child pornography, which this court defines as a lascivious exhibition. *See Wilkerson*, 124 F.4th at 371–72. While the second, third, and fifth factors were not met here because he did not request MV-1 to pose in a suggestive setting or exhibit any other willingness to engage in sexual activity besides sending nude photos, *Dost* does not require strict adherence to its factors. *Id.* at 367. Even if the remaining three factors are not met, the evidence is sufficient to show that the images Jimenez requested constitute a "lascivious exhibition" under section 2256. 18 U.S.C. § 2256.

In sum, we hold that the Government met its burden to prove that Jimenez attempted to coerce MV-1 into sending pictures of her genital area.

## V

For the foregoing reasons, we AFFIRM the district court's judgment in full.